HEIRS OF ARTURO DÍAZ-VÁZQUEZ and JUANA VÁZQUEZ DE RUCABADO, Appellants, v. REGISTRAR OF GUAYAMA, Respondent.

No. 623. Submitted November 11, 1925.—Decided December 15, 1925.

RECORD OF TITLE—ATTORNEY IN FACT—CANCELLATION OF MORTGAGE—SIGNATURE OF PARTNERSHIP.—If under a power of attorney given to it a mercantile partnership cancels a mortgage in the name of its principal and the managing partner who represents the partnership in the deed of cancellation signs it with only the partnership name, the deed is recordable if the character in which he appears as manager is duly accredited.

Registry of Property of Guayama, Pérez Mercado, R. Decision refusing to record a deed of cancellation. *Reversed.*

*Monserrat & Monserrat* and *C. Domínguez Rubio* for the appellants. The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Juana Vázquez de Rucabado gave power of attorney to the mercantile partnership of Santisteban Chavarri & Co., Ltd., and under the said power of attorney the partnership canceled in the name of its principal a certain mortgage belonging to her. In the deed of cancellation the managing partner who appeared for the partnership signed it with only the partnership's name. For this reason the registrar refused to record the deed, alleging that the partner should have signed the deed with his individual name.

At first sight the question raised does not seem to be so

simple and it is not strange that it leads to certain confusion. However, a more careful study of the Notarial Law and of the jurisprudence leads to the conclusion that the manner in which the deed of cancellation was signed is correct.

Subsection 3 of section 20 of the Notarial Act (section 1998, Comp. 1911) declares that public instruments shall be void when the signatures of the parties do not appear, and the inference is clear that this provision has reference necessarily to the parties to the instrument. The mercantile firm of Santisteban Chavarri & Co., Ltd., appeared in the name of its principal. The partnership is a juristic person that functions through its legal representatives, the managing partners. Hence, it is necessary to apply sections 126, 146 and 147 of the Code of Commerce that determine the manner in which the collective name of a mercantile partnership is formed and provide that the name shall constitute the firm name or signature under which the partnership must transact its business and which shall be used by the duly authorized managing partners.

A description of the character in which Anselmo Soroeta y Mancicidor appears in the name of the firm of Santisteban Chavarri & Co., Ltd., is given in the deed, and if it is shown that he was a managing partner we have no doubt that Soroeta properly signed the deed of cancellation by using only the firm name.

The General Directorate of Registries, in its decision of May 23, 1879, regards as valid the acts or contracts executed in the name of the firm under its signature by a person authorized to conduct and manage its business. The same was held in its decision of May 28, 1879.

In the *Tratado de Notaría* by Miguel Fernández Casado, volume 1, page 476, the following is found:

"With respect to the representation of juristic persons, section 20 of the Instructions of 1861 provided the following: 'The associations and public establishments shall be designated by the names

by which they are known, their firm's name or the names of the directors, administrators or persons competently authorized to represent them or to use their signature, and by their domicile.'

"With a different wording the same was expressed by section 5 of the Instruction of 1874, which says: 'When any one of the parties appears in the instrument in the name of an association, public establishment, corporation or juristic person, this circumstance shall be expressed by stating, besides those relative to the personality of the representative, the name of said entity and its domicile, and by indicating the title from which the stated representation shall appear, and in that case the public instrument shall be authorized with the firm's signature. . .' "

The most commendable practice, and that which would remove all difficulties, is to sign the name of the firm and add thereto the individual signature of the person who appears, preceded by the word *"por"* in Spanish and "by" in English.

The decision appealed from should be reversed and the record of the document ordered.

Mr. Justice Wolf took no part in the decision of this case.